Fill this information to identify the case:

| | |
|---|---|
| Debtor 1 | Dennis Harris |
| Debtor 2 | Mary Harris |
| | (Spouse if filing) |

United States Bankruptcy Court for the: __Eastern__ District of __Arkansas__

Case number __4:20-bk-11767-RDT__
(If known)

## Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**
The Malvern National Bank
Name of the creditor

**2. How much is the debt?**
On the date that the bankruptcy case is filed  $916.82

To be paid under the reaffirmation agreement $588.99

$231.21 per month for 3 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**
Before the bankruptcy case was filed  5.350%

Under the reaffirmation agreement  5.350%     X  Fixed rate
                                                   Adjustable rate

**4. Does collateral secure the debt?**
☒ No
☐ Yes.  Describe the collateral.

Current market value $_____

**5. Does the creditor assert that the debt is nondischargeable?**
☒ No
☐ Yes.  Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

Income and expenses reported on Schedules I and J

6a. Combined monthly income from line 12 of Schedule I   $3,541.15

6b. Monthly expenses from line 22c of − $3,541.15 Schedule J

6c. Monthly payments on all reaffirmed debts not listed on Schedule J   − $ ∅

6d. Scheduled net monthly income − $ ∅
Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets.

Income and expenses stated on the reaffirmation agreement

6e. Monthly income from all sources after payroll deductions   $3541.15

6f. Monthly expenses   − $3541.15

6g. Monthly payments on all − $ ∅
reaffirmed debts not included in monthly expenses

6h. Present net monthly income   $ ∅
Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets.

---

7. Are the income amounts on lines 6a and 6e different?

☑ No
☐ Yes   Explain why they are different and complete line 10.

_____

8. Are the expense amounts on lines 6b and 6f different?

☑ No
☐ Yes.   Explain why they are different and complete line 10

_____

9. Is the net monthly income in line 6h less than 0?

☑ No
☐ Yes.   A presumption of hardship arises (unless the creditor is a credit union)
Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses
Complete line 10

_____
_____

10. Debtor's certification about lines 7-9

If any answer on lines 7-9 is Yes, the debtor must sign here.

If all the answers on lines 7-9 are No, go to line 11

I certify that each explanation on lines 7-9 is true and correct.

x _____   x _____
Signature of Debtor 1   Signature of Debtor 2 (Spouse Only in a Joint
Case)

11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?

☐ No
☑ Yes.   Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
☐ No
☑ Yes

---

**Part 2:   Sign Here**

Whoever fills out this form must sign here

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Cover Sheet for Reaffirmation Agreement.

x _____   Date 6/11/2020
Signature   MM/DD/YYYY

Hunter M. Windle
Printed Name

Check one:
☐ Debtor or Debtor's Attorney
☒ Creditor or Creditor's Attorney

---

Form 2400A (12/15)

```
┌─────────────────────────────────────────────────────┐
│ Check one                                             │
│  ☐ Presumption of Undue Hardship                      │
│  ☑ No Presumption of Undue Hardship                   │
│ See Debtor's Statement in Support of Reaffirmation,   │
│ Part II below, to determine which box to check.       │
└─────────────────────────────────────────────────────┘
```

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF ARKANSAS

In Re:  Dennis Harris and      §
        Mary Harris          §
        *Debtors*           §
                  §

Case No. 4:20-bk-11767-RDT
Chapter 7

# REAFFIRMATION DOCUMENTS

### Name of Creditor: <u>The Malvern National Bank</u>

☐ Check this box if Creditor is a Credit Union

## PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: <u>Promissory Note dated July 24, 2018, a copy of which is attached hereto.</u>

B. ***AMOUNT REAFFIRMED***:                 <u>$688.99</u>

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before the date you sign this Reaffirmation Agreement.

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is <u>5.350</u>%.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)*    _X_ Fixed rate          ___ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

Form 2400A (12/15)                                                                                                Page 2

D.  Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☐     $_____ per month for _____ months starting on_____.

☒     Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

<u>Monthly payments of $231.21 beginning May 25, 2020, until paid in full.</u>

E.  Describe the collateral, if any, securing the debt:

Description:

F.  Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

____   Yes. What was the purchase price for the collateral?    $_____

__X__   No. What was the amount of the original loan?    <u>$5,250.00</u>

G.  Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement: N/A

|                                      | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|--------------------------------------|-----------|-----------|
| Balance due *(including fees and costs)* | $916.82 | $688.99 |
| Annual Percentage Rate | 5.350% | 5.350% |
| Monthly Payment | $231.21 | $231.21 |

H.  ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement.  Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

## PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A.  Were you represented by an attorney during the course of negotiating this agreement?

Check one. ☒ Yes        ☐No

B.  Is the creditor a credit union?

Check one. ☐ Yes        ☒No.

C.  If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1.  Your present monthly income and expenses are:

Form 2400A (12/15)                                                                                        Page 3

    a. Monthly income from all sources after payroll deductions
    (take-home pay plus any other income)                                    $3,541.15

    b. Monthly expenses (including all reaffirmed debts except
    this one)                                                                 $3309.94

    c. Amount available to pay this reaffirmed debt (subtract b. from a.)      $231.21

    d. Amount of monthly payment required from this reaffirmed debt           $231.21

*If the monthly payment on this reaffirmed debt (line d.) is **greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2.   You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

    Check one of the two statements below, if applicable:

    ☐    You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

    ☐    You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

    _____
    _____
    _____
    _____

    Use an additional page if needed for a full explanation.

D.   If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

    ☐    You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

**PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES**

I hereby certify that:

    (1)    I agree to reaffirm the debt described above.

    (2)    Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

Form 2400A (12/15)                                                                                               Page 4

(3)     The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and
        complete;

(4)     I am entering into this agreement voluntarily and am fully informed of my rights and
        responsibilities; and

(5)     I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date _6-8-20_          Signature _____
                                  *Debtor*

Date _6 8 20_          Signature __Mary Harris_____
                                  *Joint Debtor, If any*


**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor        The Malvern National Bank, P.O. Box 370, Malvern, Arkansas 72104

                _____          _6/11/2020_
                HUNTER M. WINDLE, Its Attorney         Date

Form 2400A (12/15)                                                                                      Page 5

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 6|10|2020              Signature of Debtor's Attorney *Mickey Stevens*
                            Print Name of Debtor's Attorney Mickey Stevens

Form 2400A (12/15)

Page 6

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A.   DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

Form 2400A (12/15)                                                                                                            Page 7

6.  **When will this Reaffirmation Agreement be effective?**

   a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

   i. **if the creditor is not a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

   ii. **if the creditor is a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court.

   b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement,** the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7.  **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

**B.    INSTRUCTIONS**

1.  Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2.  Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3.  If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4.  You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5.  *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home. You can use Form 2400B to do this.*

Form 2400A (12/15)                                                                                    Page 8

## C.    DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

# PROMISSORY NOTE



| Principal $5,250.00 | Loan Date 07-24-2018 | Maturity 07-25-2020 | Loan No 7320 | Call / Coll 4A / 99 | Account * * * | Officer 003 | Initials |
|---|---|---|---|---|---|---|---|

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing " * * * " has been omitted due to text length limitations

**Borrower:**  DENNIS WAYNE HARRIS
MARY FRANCES HARRIS
4340 HIGHWAY 46 S
SHERIDAN, AR  72150

**Lender:**  Malvern National Bank
Sheridan Branch
Mailing - P O Box 370, Malvern, AR 72104
Physical - 207 N. Oak
Sheridan, AR  72150

---

**Principal Amount: $5,250.00**          **Interest Rate: 5.350%**          **Date of Note:  July 24, 2018**

**PROMISE TO PAY.**  DENNIS WAYNE HARRIS and MARY FRANCES HARRIS ("Borrower") jointly and severally promise to pay to Malvern National Bank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Five Thousand Two Hundred Fifty & 00/100 Dollars ($5,250.00), together with interest on the unpaid principal balance from July 24, 2018, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 5.350%, until paid in full.  The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.**  Borrower will pay this loan in full immediately upon Lender's demand.  If no demand is made, Borrower will pay this loan in 24 payments of $231.21 each payment.  Borrower's first payment is due August 25, 2018, and all subsequent payments are due on the same day of each month after that.  Borrower's final payment will be due on July 25, 2020, and will be for all principal and all accrued interest not yet paid.  Payments include principal and interest.  Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges.

**INTEREST CALCULATION METHOD.**  Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (366 during leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.  All interest payable under this Note is computed using this method.

**RECEIPT OF PAYMENTS.**  All payments must be made in U.S. dollars and must be received by Lender at:

Payments may be made at any branch location during regular business hours or mail payments to:
Malvern National Bank
P O Box 370
Malvern, AR  72104

All payments must be received by Lender consistent with any written payment instructions provided by Lender.

**PREPAYMENT.**  Borrower may pay without penalty all or a portion of the amount owed earlier than it is due.  Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule.  Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments.  Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language.  If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender.  All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to:  Malvern National Bank, P O Box 370 Malvern, AR  72104.

**LATE CHARGE.**  If a payment is 10 days or more late, Borrower will be charged 10.000% of the unpaid portion of the regularly scheduled payment or $100.00, whichever is less.

**INTEREST AFTER DEFAULT.**  Upon default, including failure to pay upon final maturity, the total sum due under this Note will continue to accrue interest at the interest rate under this Note.

**DEFAULT.**  Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.**  Borrower fails to make any payment when due under this Note.

**Other Defaults.**  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.**  Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.**  Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.**  The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.**  Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan.  This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender.  However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.**  Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.**  A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**PROMISSORY NOTE**
**(Continued)**

Loan No      7320                                                                                      Page 2

Insecurity. Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Arkansas without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Arkansas.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Grant County, State of Arkansas.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $30.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the debt against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** This loan is unsecured.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Each Borrower understands and agrees that, with or without notice to Borrower, Lender may with respect to any other Borrower  (a) make one or more additional secured or unsecured loans or otherwise extend additional credit;  (b) alter, compromise, renew, extend, accelerate, or otherwise change one or more times the time for payment or other terms of any indebtedness, including increases and decreases of the rate of interest on the indebtedness;  (c) exchange, enforce, waive, subordinate, fail or decide not to perfect, and release any security, with or without the substitution of new collateral;  (d)  apply such security and direct the order or manner of sale thereof, including without limitation, any non-judicial sale permitted by the terms of the controlling security agreements, as Lender in its discretion may determine;  (e) release, substitute, agree not to sue, or deal with any one or more of Borrower's sureties, endorsers, or other guarantors on any terms or in any manner Lender may choose;  and  (f) determine how, when and what application of payments and credits shall be made on any other indebtedness owing by such other Borrower. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**PRIOR TO SIGNING THIS NOTE, EACH BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. EACH BORROWER AGREES TO THE TERMS OF THE NOTE.**

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

**BORROWER:**

X _____          X _____
DENNIS WAYNE HARRIS                          MARY FRANCES HARRIS